IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL G. BARBER,

                Plaintiff,

    v.                                        OPINION & ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS         16-cv-339-jdp
and STATE OF WISCONSIN,

                Defendants.

---

Plaintiff Paul G. Barber, a state of Wisconsin inmate currently confined at the Black River Correctional Center, brings this lawsuit alleging that prison officials have denied him proper dental care, leading to severe tooth decay. Barber has made an initial partial payment of the filing fee, as previously directed by the court.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Barber is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After considering Barber's allegations, I conclude that although he describes problems with his dental treatment that likely support claims for relief under the Eighth Amendment, he does name any defendants capable of being sued in this type of lawsuit or explain who is responsible for his lack of treatment. Therefore, I will dismiss the complaint and give Barber a chance to file an amended complaint identifying the prison officials who harmed him.

ANALYSIS

Barber alleges that he lost a crown on one of his molars, and the underlying tooth has continued to decay, yet Department of Corrections staff has delayed treatment of this problem for about two years. He states that a molar on the other side of his mouth is also decaying, and that his broken teeth cut his tongue. He filed complaints about these problems but he has still not received treatment for them.

These allegations would usually be enough to support claims that the lack of adequate dental care amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996).

But there are problems with Barber's complaint. Lawsuits about unconstitutional dental treatment are brought under 42 U.S.C. § 1983, which allows a plaintiff to bring claims against a "person" acting under color of state law who deprived the plaintiff of his rights. State of Wisconsin prisoners who file claims regarding their treatment in DOC facilities must bring claims against *individuals* who are responsible for directly harming them or failing to take action to help them despite knowing of the problem, or for creating a policy or custom

that caused the problem. Barber names the State of Wisconsin and Department of Corrections as the only defendants in this lawsuit, but the state and its agencies cannot be sued for constitutional violations because they are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989).

Beyond Barber's failure to name any individual DOC or prison staff members as defendants, he fails to explain in his allegations who is responsible for the decisions to delay treatment or disregard the complaints he filed. Nor does he explain whether there are particular DOC policies or customs that have caused his lack of treatment. Therefore, I conclude that his allegations violate Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Even if Barber had named individual persons as defendants, they would not be able to tell from his allegations what they each did to harm him.

I will dismiss Barber's complaint and give him a short time to file an amended complaint fixing these problems. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should (1) name individual DOC or prison staff members as defendants in the caption; and (2) explain how each of them was responsible for failing to address his dental needs. If Barber does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify

3

those defendants. But for now he must file an amended complaint explaining his improper treatment and identifying the officials responsible for it.

Barber has also filed a series of letters supplementing his allegations about his tooth problems, lack of adequate care, and frustration with the inmate grievance process. Dkt. 6, 8, 9, 11, 12, 13, 14, 16. But the court and the eventual defendants cannot be expected to sort through a stack of documents to determine what his claims are. When Barber submits his amended complaint, he should include all of the allegations he wishes to bring in the lawsuit, and explain who is responsible for denying him adequate care. When I receive his amended complaint, I will screen it to determine whether he has claims that may proceed.

If Barber does not submit an amended complaint by the deadline set forth below, I will dismiss this case for his failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Paul G. Barber's complaint, Dkt. 1, is DISMISSED for failure to name a defendant capable of being sued and for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until January 4, 2017, to submit a proposed amended complaint naming individuals capable of being sued as defendants and more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

Entered December 14, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge