IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL G. BARBER,

                Plaintiff,

    v.

CAPT. ENGEBREGSTE, H. GUNDERSON,
A. BOATWRIGHT, C. O'DONNELL,
and CATHY JESS,

                Defendants.

ORDER

16-cv-339-jdp

---

Plaintiff Paul G. Barber, appearing pro se, is a former state of Wisconsin inmate. In this case, he contends that defendant prison officials violated his Eighth Amendment rights by dismissing his grievances about inadequate dental care. He also brings an official-capacity claim for declaratory relief regarding dental-staffing policies.

Defendants have filed a motion to dismiss the case, on two grounds, Dkt. 26, to which Barber did not file an opposition brief. The first ground is that the grievance materials attached to Barber's complaint show that defendants did not act with deliberate indifference. Defendants essentially seek reconsideration of my order screening the complaint, Dkt. 22. "[T]o survive a 12(b)(6) motion to dismiss, a complaint must allege facts that 'state a claim to relief that is plausible on its face.'" *Fuqua v. SVOX AG*, 754 F.3d 397, 400 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). I must accept all well-pleaded facts as true and "assess whether those factual assertions 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). With these standards in mind, I am not persuaded that I erroneously granted Barber leave to proceed.

In screening Barber's amended complaint, I stated the following about the scope of his claims:

> [Barber] explicitly states that he does not wish to sue the individual dentists who delayed giving him care because he believes that he was largely harmed by the DOC policy of understaffing dental employees. But I do take him to be saying that, regardless of the staffing policies, grievance examiners Engebregste, Gunderson, Boatwright, and O'Donnell could have done something in response to his grievance to intervene to get him more prompt treatment, yet they chose not to. I conclude that this is enough to state a deliberate-indifference claim against these defendants.

Dkt. 22, at 3.

Defendants say that the grievance materials attached to Barber's complaint show that defendant institution complaint examiner Engebregtsen's documented actions rule out deliberate indifference on his part: he stated that he considered Barber's concerns, contacted medical staff, and appropriately relied on the professional judgments of medical staff. *See* Dkt. 6-2, at 3. Likewise, defendants say that the remaining defendants appropriately relied on Engebregtsen's investigation. *See* Dkt. 16-1. In support of their motion, defendants cite several cases in which claims against grievance examiners were dismissed, albeit at summary judgment. *See, e.g., Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) ("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one."); *Turner v. Hoechst*, No. 15-cv-23-jdp, 2017 WL 1173602, at *6 (W.D. Wis. Mar. 28, 2017) ("[Examiner] was not deliberately indifferent by examining the records and relaying the reason stated in those records for the cancellation of therapy.").

Defendants say that waiting for summary judgment is not necessary here because Barber attached the grievance documents to supplements to his complaint. They are correct that

2

attachments to the complaint can be considered in deciding a motion to dismiss without converting the motion to one for summary judgment. *Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013). But they are incorrect in suggesting that I must take defendants' statements in those documents at face value. *See Auto-Owners Ins. Co. v. Cover-All of Wisconsin, LLC*, No. 13-cv-748-bbc, 2014 WL 2865160, at *3 (W.D. Wis. June 24, 2014) ("Courts do not robotically assume as true the facts or statements in all the exhibits attached to a plaintiff's complaint."), citing *N. Indiana Gun & Outdoor Shows*, 163 F.3d at 455. Barber himself clearly does not, because he has written on some of the grievance forms, indicating where he believes that defendants are either incorrect or untruthful about some of their statements. *See* Dkt. 6-2, at 3; Dkt. 16-1, at 1. Ultimately, defendants' true degree of care in handling Barber's grievances is a matter for summary judgment following discovery. So I will deny the motion to dismiss on this ground. That is not to say that it will be easy for Barber to prevail on his claims. He needs to provide *evidence* showing that defendants acted with deliberate indifference toward his dental needs; his mere speculation that they could have done more will not be enough to defeat a motion for summary judgment.

Defendants' second ground is that Barber has not exhausted his administrative remedies. They argue in part that Barber never filed grievances directly about the grievance examiners' dismissals. This argument is undeveloped and I will not accept it, given case law discussing exhaustion of claims regarding ongoing deprivation of a prisoner's rights. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing").

But defendants also state that Barber's attached grievance materials show that he failed to exhaust his grievance before he filed the lawsuit: he filed his appeal to the corrections

3

complaint examiner the day *after* he filed his complaint in this court. *See* Dkt. 1 (complaint received May 23, 2016); Dkt. 6-2, at 1 (grievance appeal dated May 24, 2016). This is indeed potentially fatal to the lawsuit: a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Barber was a prisoner when he filed this lawsuit. Despite Barber's failure to file an opposition brief, I will give him a final chance to explain why I should not dismiss this case for his failure to exhaust his administrative remedies before filing this lawsuit.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 26, is DENIED in part.

2. Plaintiff may have until November 19, 2018, to respond to this order, explaining why the case should not be dismissed for his failure to exhaust administrative remedies.

Entered October 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge