IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL G. BARBER,

                    Plaintiff,

  v.

CAPT. ENGEBREGSTE, H. GUNDERSON,
A. BOATWRIGHT, C. O'DONNELL,
and CATHY JESS,

                    Defendants.

ORDER

16-cv-339-jdp

---

Plaintiff Paul G. Barber, appearing pro se, is a former state of Wisconsin inmate. He alleges that defendant prison officials violated his Eighth Amendment rights by dismissing his grievances about inadequate dental care. He also brings an official-capacity claim for declaratory relief regarding dental-staffing policies.

Defendants filed a motion to dismiss that I denied in part, but they raised a potentially meritorious argument: Barber's attached grievance materials show that he failed to exhaust his grievance before he filed the lawsuit: he filed his appeal to the corrections complaint examiner the day after he filed his complaint in this court. *See* Dkt. 26 (defendants' motion); Dkt. 30 (my October 29, 2018 order); Dkt. 6-2, at 1 (grievance appeal dated May 24, 2016, the day after the court received the complaint). As I explained in my previous order, a prisoner —which Barber still was when he filed this lawsuit—may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Although Barber failed to file a brief opposing the motion to dismiss, I gave him a final opportunity to explain why I

should not dismiss this case for his failure to exhaust his administrative remedies before filing this lawsuit. Dkt. 30, at 4.

Barber has responded by filing a letter in which he expresses his frustrations with the criminal justice system generally and his dental treatment in prison. Dkt. 31. He mentions the exhaustion of his administrative remedies only briefly, saying that the grievance system is confusing, that he does not have training in legal matters, and that he was transferred in the middle of the grievance proceedings. *Id.* at 2. But he does not present any specific evidence suggesting that it was prison officials' fault that he failed to fully exhaust the grievance process before filing his lawsuit, or that the process was otherwise unavailable to him. So I will grant defendants' motion and dismiss this case.

That dismissal will be without prejudice, which means that Barber may refile the case if he so chooses. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Now that he appears to have fully exhausted his claim, defendants would no longer have an exhaustion defense. But if Barber does refile his case, he will be responsible for another filing fee on top of the one he already owes for this case.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 30, is GRANTED, and the case is DISMISSED for plaintiff Paul G. Barber's failure to exhaust his administrative remedies before filing his complaint.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered November 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge